GEORGE N. MILLER, Plaintiff in Error, *v.* GEORGE L. LUMSDEN, *et al.*, Defendants in Error.

ERROR TO SANGAMON.

When a bill of exchange or negotiable note is taken for a prior debt, the party cannot recover upon the original consideration, unless the bill or note is produced and canceled at the trial, or it appears that it cannot be enforced by a third person.

MILLER brought his action in assumpsit against Lumsden and Co., and Lewis and Adams, upon a note. Plea, the general issue.

On the trial, Miller produced his note in evidence, when it appeared that Lumsden and Co. had given George A. Lamb and Co., of which firm Miller was a partner, a draft, on some parties in St. Louis for the amount due upon the note, which was taken with an understanding between John M. Lamb, the partner of Lumsden, and George A. Lamb, the partner of Miller, that if the draft was paid, it should be taken as payment of said note; if not, it was to be returned and be no payment. Miller was informed of the transaction by his partner, George A. Lamb, and acquiesced in it, but on the suggestion of Lamb, said he would hold on to the note until the draft was paid. George A. Lamb and Co., of which firm Miller was a partner, indorsed the draft to one Laton Moore, to which George A. Lamb and Co. were at the time indebted. Moore assigned the draft to a party in St. Louis, who held it when it was protested for non-payment, that it was unpaid and in the control of Moore. It did not appear that this draft had been returned to Lumsden and Co. since. Lewis and Adams were security on the note given by Lumsden and Co. to Miller, and for which George A. Lamb and Co. took the draft of Lumsden and Co., on St Louis.

Verdict and judgment for the defendants, on trial before DAVIS, Judge, and a jury, at March term, 1854, of the Sangamon Circuit Court.

Miller, the plaintiff below, brings the cause to this court.

JAMES C. CONKLING, for Plaintiff in Error.

S. T. LOGAN, for Defendant in Error.

TREAT, C. J. It is a fair conclusion from the evidence, that the plaintiff authorized or ratified the arrangement made between his partner and Lumsden and Co., in relation to the note. A witness understood him to say, that the note was the property of the partnership. Although the partner denies the truth of this declaration, yet he admits that the arrangement was made for the express purpose of getting the proceeds of the note into the partnership. He obtained a bill of exchange from Lumsden and Co., payable to the firm, and then indorsed it in the name of the firm to one of the partnership creditors. The payment of the bill was to extinguish the note, as well as a like amount of the indebtedness of the firm. The plaintiff was informed of the arrangement, and made no objections thereto. This circumstance shows that he had previously authorized the arrangement, or assented to it, when made. It is manifest, from the whole case, that the partner had authority to use the note in the partnership business; and that, if the bill of exchange

had been paid, no question would ever have arisen respecting the note. The plaintiff is clearly bound by these acts of his partner. The question therefore arises, whether he can maintain this action upon the note. The note is in point of fact unpaid, and the bill of exchange is still in the hands of an innocent holder. It is clear that the latter can enforce payment from the drawers of the bill. If this suit can be maintained by the plaintiff, the consequence is, that Lumsden and Co. may be twice subjected to the payment of the same debt. They are liable to the holder of the bill, and the payment of the note would not absolve them from that liability. If Lewis and Adams should be compelled to pay the note, they would have a clear right of action against Lumsden and Co. In any point of view, if this suit could be maintained, Lumsden and Co. might be twice required to pay the debt. The law will not subject them to this two-fold responsibility. It will not suffer the plaintiff to collect the note, while the bill of exchange is in the hands of a *bona fide* holder. The firm of which the plaintiff is a member, having received the bill and put it into circulation, he ought not to be permitted to recover upon the note, without first producing and canceling the bill. It is a well-established rule of law, where a bill of exchange or a negotiable note is taken for a prior debt, that the party cannot recover upon the original consideration, unless the bill or note is produced and canceled at the trial, or it appears that it cannot be enforced by a third person. *Holmes* v. *De Camp*, 1 Johns. 34; *Raymond* v. *Merchant*, 3 Cow. 147; *McConnell* v. *Stittinius*, 2 Gilm. 707; *Dangerfield* v. *Wilby*, 4 Espin. 159; *Burden* v. *Halton*, 4 Bing. 454; *Hawden* v. *Mendisabal*, 2 Carring. & Payne, 20. The application for a new trial was properly denied.

The judgment must be affirmed.

*Judgment affirmed.*