## JOHN LEAKE
### v.
## GRACE BROWN.

1. PRACTICE — *of a plea — when should be stricken from the files.* When a plea is filed, which has nothing to do with the declaration, it should be stricken from the files on motion, or by the court *sua sponte.*

2. RIGHT OF ACTION — *whether joint or several.* Where a deed is executed by several grantors jointly, but their interests in the premises conveyed are several and distinct, any one of them may bring his separate action for his share of the purchase money, if withheld.

3. PAYMENT — *by certificate of deposit — when will not amount to.* L., the payee of a certificate of deposit, which he had previously indorsed, offered it to B. in payment of a debt, which B. declined to receive. Whereupon L. stated that he was good for it, and would pay it, if the payor named in such certificate did not, and thereupon B. took it ; and the bank which had issued it suspended within two days thereafter. In an action by B. against L., to recover the original debt,—*held,* that the receipt of such certificate by B. was not as payment, but taken merely as a means of obtaining the money from the bank, upon the faith of A.'s declaration, that he would pay it if the bank did not ; and in no manner was it received upon the faith of A.'s indorsement, that having been made before it was offered.

4. That, in such case, it was not necessary for B. to return, or offer to return, the certificate.

5. Nor was it required that it should be cancelled; on the contrary, it should not be, as it is the only evidence L. has of his deposit with the bank, and it cannot be enforced by a third person.

6. That B. did all that the law required of him with regard to the disposition of such certificate, by surrendering the same to the court, to be disposed of as the court might think proper, after having used it in evidence.

7. That by such surrender of it to the court, it virtually put it in the power of the payee, L., who, upon proper motion, could have obtained it.

8. FORMER DECISIONS. *Miller* v. *Lumsden,* 16 Ill. 161; *Smalley* v. *Eddy,* 19 id. 207, considered and approved.

9. PAYMENT — *when made with negotiable paper — concerning return of same — rule different from case of spurious money.* In an action, brought upon the original consideration, when negotiable paper has been given in payment, it is not necessary, as in case of counterfeit or spurious money, that it should be returned, as it need not be done; but it must be shown, that such paper is not outstanding, and that the maker is not liable to a second recovery upon it.

10. INSTRUCTIONS — *proper to refuse — when not based on the evidence.* It is proper for the court to refuse an instruction, which has no basis in the evidence.

WRIT OF ERROR to the Circuit Court of Lee county; the Hon. W. W. HEATON, Judge, presiding.

The facts in this case, are fully stated in the opinion.

Mr. EMERY A. STORRS, for the plaintiff in error.

Mr. B. H. TRUESDELL, for the defendant in error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action of *indebitatus assumpsit,* brought by Grace Brown against John Leake, to the Circuit Court of Lee county, for an interest in certain lands sold and conveyed by the plaintiff to the defendant at his instance and request.

The general issue was pleaded and three special pleas, to which there was a demurrer, which the court sustained. We may remark here, these special pleas should have been stricken from the files on motion, or by the court *sua sponte,* as they had nothing to do with the case made by the declaration.

A trial was had on the general issue, *non assumpsit,* and a verdict for the plaintiff for six hundred and forty-nine dollars and ninety cents in damages.

A motion for a new trial was overruled and judgment entered on the verdict.

To reverse this judgment the record is brought here by writ of error and various errors assigned.

The points made by plaintiff in error are, that, as the deed for the land was made to plaintiff in error by several persons joining therein, there can be no recovery by one of the grantors of his or her aliquot part of the purchase money not paid by the grantee.

The record shows, that the land sold to plaintiff in error was held by several persons with different interests, and the amount in suit was a portion of the money coming to the defendant in error for her interest therein. The interests of the grantors being several, they are entitled to bring separate suits for the portion coming to each one of them if withheld. The money was handed to Brown, the justice of the peace who took the acknowledgment of the deed, on the part of three of the grantors, by the plaintiff in error, as the aggregate sum due for the land, and it was paid over by Brown in the presence of plaintiff in the proportions to which each was entitled. The interest of defendant in error in the land was a separate, distinct legal interest, and she was therefore capable of bringing this action and of maintaining it. 1 Ch. Pl. 2. Among the funds so handed to Brown, and handed by him to the defendant in error as her share of the purchase money, was a certificate of deposit of six hundred dollars in the banking-house of E. B. Stiles, payable to the order of plaintiff in error, and dated October 8, 1864.

On this certificate, thus passed over to the defendant in error, the plaintiff in error makes his second point, which is, that the receipt of this certificate as a part of the purchase money, was *prima facie* payment to that extent, and that it devolved on the defendant in error, the duty of exercising due diligence in endeavoring to secure its payment; that by the receipt of the certificate indorsed by the payee, the relation of the parties become that of an assignee and assignor of commercial paper. Plaintiff in error insists, that it was upon the indorsement the

parties relied, and in order to hold plaintiff in error as such indorser, it was incumbent on defendant in error, to use the diligence required by the statute.

Is it a fact, that the certificate was taken upon the faith of the indorsement? The witness, Brown, says that the certificate was indorsed before he proffered it to the defendant in error, and on some suggestion being made by one of the parties present, that Stiles' bank had stopped payment that day, and defendant in error being unwilling to receive it, the witness said to her, "Well, Leake is perfectly good for it if Stiles is not, as Leake had indorsed it." The defendant in error then observed, "he was good for it whether Stiles was or not, that if Stiles did not pay it, he would."

The indorsement had been previously made, so that, it is clear, the defendant in error did not receive the certificate upon the strength of the indorsement nor rely upon that, but upon the declaration of plaintiff in error, that he was good for it if Stiles was not, and that he would pay it if Stiles did not.

There does not appear to be any evidence, that the certificate was received on the faith of the indorsement, and, therefore, the relation of assignor and assignee, with its concomitants, did not exist.

The third point made by plaintiff in error is, that, in any view of the case, the failure to return, or offer to return, the certificate is fatal to a recovery by the defendant in error.

We accord fully in the doctrine of the case of *Miller* v. *Lumsden et al.*, 16 Ill. 161, to which plaintiff in error refers to sustain this point, but do not think it is hostile to the claim set up. The court held, that it was an established rule of law, where a bill of exchange or a negotiable note is taken for a prior debt, that the party cannot recover upon the original consideration, unless the bill or note is produced and cancelled at the trial, or it appears, that it cannot be enforced by a third party. In that case, the bill was in the hands of a holder for value in an adjoining State, and was outstanding for collection against the maker of the note. If, then, a recovery had been allowed by Miller on this note, Lumsden & Co., being liable to

the holder of the bill, might have been compelled to pay the same debt twice. A party thus situated cannot be subjected to this two-fold liability. It would not suffer the plaintiff to collect the note while the bill of exchange was in the hands of a *bona fide* holder.

The difference between this case and that is so obvious, as to need no particularizing. Here the certificate was not given or accepted in payment of a prior debt; it was not given and received as negotiable paper to be subject to the incidents of such paper; it was produced at the trial and placed in the power of the court to do with it as justice and the law required. It could not be, and should not be, canceled, for it was the evidence the plaintiff in error had of a deposit with Stiles, and it fully appeared it could not be enforced by a third person. The defendant in error, by placing the certificate in the power of the court, after putting it in evidence, did virtually put it in the power of the plaintiff in error, the payee therein, to whom the court, on motion for such purpose, would have caused it to be delivered in the event of a recovery against him. This is all the law required of the defendant in error.

The case of *Smalley* v. *Edey*, 19 Ill. 207, decides, that a negotiable note, executed by a debtor, in settlement of his debt, to a third person, at the instance of the creditor himself, is *prima facie* a payment of the original debt, referring to *Ralston* v. *Wood*, 15 id. 159, and 2 Greenl. Ev. §§ 519, 520.

We are not disposed to dispute this doctrine, and if this case was like that, it would control. But there are several points of difference. This certificate was not taken in payment of a prior debt, nor at the instance of the defendant in error. The facts to which we have adverted, as having occurred at the time of the transaction, forbid the idea of *prima facie* payment by this certificate.

All the circumstances show most clearly and conclusively, that the certificate was not taken as a payment, but merely as a means of obtaining the money supposed to be ready and on hand in the banking house of E. B. Stiles. To "this complexion," and to this only, must this case come.

The other cases cited by plaintiffs' counsel on this point, are undoubtedly good law where the facts are accommodating. In this case, the facts are obstinate, refusing to yield to the pressure of the plaintiff in error, that the certificate was taken on the indorsement and on faith of it.

Plaintiff in error closes his argument by insisting, that there is still an insuperable difficulty in the way of a recovery in this case, from the fact, that no offer was ever made to return the certificate, and likens it to a case of a payment made in the bills of a broken bank, or in counterfeit notes, where the law demands the bills shall be returned in a reasonable time to the person paying them, in order that he may have a speedy opportunity to trace up the party from whom he received them. The cases of *Magee* v. *Carmack*, 13 Ill. 291, and *Simms* v. *Clarke*, 11 id. 141, are cited on this point, and similar cases decided by the courts of New York, New Hampshire and Massachusetts. The doctrine of these cases is correct, and meets our unqualified approbation. We do not think, however, the law of those cases is, or should be, the law of this. They stand on different bases. In the case of counterfeit or spurious money, as this court said in the case of *Magee* v. *Carmack*, the money should be returned in a reasonable time, so that the debtor may avail of his right to recover of the person from whom he received it, and every day's delay jeoparded that right. This is the reason for the decisions in all the cases cited to this point, but such a reason does not apply, and can have no force, with regard to negotiable paper. That is not to be returned upon the maker, or drawer, as the case may be, but it must be shown, the paper is not outstanding, and therefore the maker is not liable to a second recovery upon it.

It is proved in this case, that Brown, the justice of the peace, demanded payment of this certificate from Stiles within a week after it was passed over to defendant in error; and it is also proved, that about two months or more after this transaction, in December, 1864, the plaintiff in error told the counsel for defendant in error, that in a week or two he would call and pay the certificate. This, he did not do.

We are of opinion, from the facts in this case, that this certificate was not received in payment by the defendant in error, and was so understood by all the parties; that it was not taken upon the indorsement being made, as that was made before it was offered; that its receipt had no connection with the indorsement and was not induced thereby; that it was not understood at the time, nor was such the intention, that defendant in error should place herself or had so placed herself in the position of an indorsee of negotiable paper, as to subject her to all the consequences of such a position; that she took the certificate merely as a means of obtaining the money from the banking house supposed to be there ready for her and for no other purpose, and on the faith of plaintiff's promise, that he could pay it, if Stiles did not. We think the liability of the plaintiff in error is conclusively fixed, and if there is to be a loss on this certificate, justice and equity demands, that the plaintiff in error shall incur it.

An exception is taken by plaintiff in error for refusing to give the following instruction on his behalf: If the jury believe, from the evidence, that the defendant, Leake, gave to the grantors in the deed mentioned in the case a certificate of deposit, signed by E. B. Stiles for six hundred dollars, as produced in evidence in this case; and if the jury believe that the grantors in the deed objected to receiving it, in part payment of the purchase money of said real estate described in the deed, because there were rumors at the time of the purchase, that Stiles had closed his place of business, and that thereupon Leake indorsed the certificate, and that it was then received by the grantors in the deed without any further objections on their part; that then Leake's liability is determined and fixed as a guarantor or indorser, and no other, and the plaintiff cannot recover in any action against Leake, unless all the grantors join in an action against him, and unless Stiles was insolvent, or a suit instituted against him would have been unavailing.

If for no other reason, the instruction was properly refused, there being no evidence on which to base it. As we understand the evidence and have commented on it, none of it goes to show

that defendant in error took the certificate *upon* the indorsement by the plaintiff in error.

Perceiving no error in the record the judgment must be affirmed.

*Judgment affirmed.*