## JACKSON *v.* BROWN.

1. Where one accepts from another, in liquidation of an open account, a negotiable promissory note, he can not recover in a suit upon the original cause of action, unless upon the trial he produces the promissory note, or satisfactorily accounts for its absence.

2. Where in such a suit the defendant pleaded that he gave to the plaintiff a negotiable promissory note in liquidation of the account sued upon, which was not produced or accounted for at the trial, and the plaintiff denied that any note was executed as alleged, and the evidence was in conflict upon that point, it was error to direct a verdict for the plaintiff upon the issue thus raised.

Submitted June 30, — Decided July 28, 1897.

Complaint on account. Before Judge Gamble. Washington superior court. September term, 1896.

*Rawlings & Hardwick*, for plaintiff in error.
*Evans & Evans*, contra.

ATKINSON, J. Plaintiff sued the defendant upon an open account. The defendant pleaded, that on May 3, 1895, plaintiff agreed to furnish him with supplies to the amount of $100.00 to make his crop and to live on during the year 1895, in consideration of which the defendant executed his promissory note to the plaintiff, dated May 3, 1895, due January 1, 1896, for $100.00 principal, and $12.50 interest; and to secure the payment of the note delivered to the plaintiff his (defendant's) deed to certain land, described. The plaintiff furnished him $100.00 worth of supplies according to contract, but no more. The $12.50 which the note expressed as being for interest on the note from May 3, 1895, to January 1, 1896, was in excess of the lawful rate of interest; and the note and deed are therefore tainted with usury, and the deed passed no title. He prayed that plaintiff be required to bring the deed into court to be canceled as void and as a cloud upon the defendant's title, and for general relief. Upon the trial the jury found in favor of the plaintiff. The defendant moved for a new trial, upon the general grounds; and further, because the court erred in charging the jury that they were bound, under the evidence submitted, to render a verdict for the plaintiff, and that usury or no usury was the only ques-

tion upon which they were called upon to pass, and thus excluded from the jury all consideration of movant's plea that every item of the account sued on had been settled and was included in a negotiable promissory note which defendant had given to plaintiff, and that until that note was sued on or produced in court there could be no verdict or judgment against the defendant.

The evidence introduced upon the trial was, substantially, as follows: Plaintiff testified that the account sued on was correct, due and unpaid. The defendant did not give him a promissory note, as described in the defendant's plea. Defendant owed him only an account. In answer to notice to produce the note, he made the statutory showing that he could not do so. With this evidence he closed. The defendant testified in accordance with the allegations of his plea, and offered in evidence a deed from himself to the plaintiff to the land described in the plea. The deed was upon its face absolute. It was dated March 15, 1895, and recited a consideration of $112.50. It was recorded May 3, 1895; and the plaintiff testified that it was not delivered until that date. He introduced also a bond for titles to him from the plaintiff to the property conveyed by the deed. The condition of the bond was as follows: "If said R. B. Jackson, by good and sufficient deed, certain property this day conveyed to said R. W. Brown by said R. B. Jackson to secure his certain promissory note for $112.50, dated May 3, 1895, and to become due January 1, 1896, with interest, said note being payable to the order of said R. W. Brown, upon payment of said note, according to the tenor and effect thereof; said property being," etc. (describing it). The plaintiff testified, in rebuttal, that the deed was given to secure advances to be made, and not for a loan of money. No note was ever given, and when he signed the bond for titles he did not read it. Defendant presented the same to him and said it was a showing that the deed was given to secure the advances to be made, and he (plaintiff) signed it without reading it.

The instruction of the court was a practical direction of a verdict in favor of the plaintiff in the suit upon the open ac-

count. Upon the question as to whether or not the open account had been liquidated by the defendant giving to the plaintiff a negotiable promissory note covering the several items of indebtedness sued for, the testimony was in conflict. The defendant testified that he executed such a note, and introduced certain documentary evidence which would seem to support that contention. The plaintiff denied this, and testified to the contrary. The note was not produced at the trial, and could not have been, under the plaintiff's contention. The question then is, whether where one accepts from another, in liquidation of an open account, a negotiable promissory note, he can recover in a suit upon the original cause of action, unless, upon the trial, he produces the note, or satisfactorily accounts for its absence. We think the authorities answer this question in the negative. If the note were in point of fact given, and is unpaid, it may be in the hands of an innocent holder for value. If that be true, such holder could enforce payment from the maker of the note. The consequence is, that the defendant may be twice subjected to the payment of the same debt. He would certainly be liable to the holder of the note, and the payment of the judgment rendered upon the open account, which was the consideration of the note, would not absolve him from liability to the holder. We do not think the law will subject him to this twofold responsibility. It will not suffer the plaintiff to collect the open account while the note may be still in the hands of a bona fide holder. It seems to be a well-established rule of law, that where a bill of exchange or negotiable note is taken for a prior debt, a party can not recover upon the original consideration unless the bill or note is produced to be canceled at the trial, or unless it appears that it can not be enforced by a third person. 16 Ill. 161; 18 Am. & Eng. Enc. of Law, p. 176; 20 Mo. App. 569; 2 E. D. Smith's (N. Y.) Rep. 621; 21 Md. 248.

As we have seen before, the evidence was in conflict upon the question as to whether the note was in fact given. There was sufficient evidence from which the jury might have found that it was. If so, the plaintiff would not be entitled to re-

cover upon the original cause of action, without the production of the note, or giving a satisfactory account for its absence.

We conclude, therefore, that in view of the evidence submitted upon this question, the court erred in giving a charge which amounted to a practical direction of a verdict in favor of the plaintiff in this case.

*Judgment reversed.     All the Justices concurring.*