**HALL et al. v. FIRST STATE BANK OF HAWLEY. (No. 391.)**

Court of Civil Appeals of Texas. Eastland.
Jan. 20, 1928.

Rehearing Granted March 9, 1928.

**1. Appeal and error ⊂⇒931(1)—Reviewing court presumes in support of judgment that trial court resolved issues of fact in favor of prevailing party.**

Reviewing court must presume, in support of the judgment appealed from, that trial court resolved issues of fact in favor of prevailing party.

**2. Novation ⊂⇒13—Novation is question of fact.**

Novation is a question of fact, to be passed on by the court or jury.

**3. Novation ⊂⇒12—Burden is on one asserting novation to prove it.**

Burden is on one asserting substitution of new agreement or new debtor to prove that novation actually took place.

**4. Bills and notes ⊂⇒499—Payee's retention of both original and renewal note created no presumption that renewal note was taken as payment.**

In suit on original note, in which maker interposed defense of novation by giving renewal note, no presumption arose that renewal note was taken as payment of the original by mere fact that payee retained both original note and renewal note.

**5. Bills and notes ⊂⇒430—Where agreement to surrender original note was based on condition that indorser also sign renewal note, original note remained effective until indorser's signature was secured.**

Where agreement to cancel and surrender original note to maker in return for renewal note was based on condition that person indorsing original note would likewise indorse the new note, taking of new note did not constitute payment of the old until the condition of indorsement was fulfilled, and during such time original note remained effective.

**6. Bills and notes ⊂⇒499—It was presumed bank taking renewal note did not intend voluntarily and without consideration to release indorser on old note.**

It was presumed that bank taking renewal note from maker did not intend voluntarily and without consideration to release indorser on original note from his obligation.

**7. Novation ⊂⇒12—Evidence of failure of original indorser to sign renewal note held to sustain finding that bank's retention thereof and promise to return original note did not constitute novation.**

In bank's suit on original note, in which maker's defense was that renewal note had been taken and retained as payment, under letter from bank's cashier stating he would return canceled note on execution of the new instrument, evidence indicating unfulfilled condition that indorser on original note also sign new

note *held* to sustain finding that transaction did not amount to a novation.

**8. Bills and notes ⊂⇒254—Suit need not be brought to fix indorser's liability, where notice of dishonor is given (Rev. St. 1925, art. 566).**

Where liability of indorser is fixed by notice of dishonor, Rev. St. 1925, art. 566, permitting commencement of suit to fix indorser's liability before second term of court after cause of action accrues, does not apply, since statute merely provides additional method of fixing indorser's liability.

**9. Bills and notes ⊂⇒254—Suit against indorser at first or second term after maturity of note held not essential, where indorser waived grace and protest (Rev. St. 1925, art. 5938, §§ 109, 111, 118; art. 566).**

· Indorsement of note "waiving grace and protest" *held* express waiver, not only of protest, but also of notice, under Rev. St. 1925, art. 5938, §§ 109, 111, 118, under which bringing of suit at first or second term of court after maturity, as provided by article 566, was not essential to fix indorser's liability.

**10. Bills and notes ⊂⇒419—Person secondarily liable on instrument, if actually notified of dishonor, cannot complain of form of notice (Rev. St. 1925, art. 5938, §§ 96, 108).**

Where person secondarily liable on instrument receives actual notice of dishonor, he cannot complain of form in which notice was given, under Rev. St. 1925, art. 5938, §§ 96, 108.

**11. Bills and notes ⊂⇒254—Indorser, who was cashier of bank holding note at maturity, was conclusively presumed to receive notice of dishonor, rendering suit to fix liability unnecessary (Rev. St. 1925, art. 5938, §§ 96, 108, art. 566).**

Where, at time of maturity of note, bank was holder thereof, and indorser was cashier of bank charged with duty of collecting the note, it was conclusively presumed that indorser had notice of dishonor, and liability was thus fixed, under Rev. St. 1925, art. 5938, §§ 96, 108, rendering it unnecessary to bring suit against him to fix liability under article 566.

**12. Bills and notes ⊂⇒495—In suit on note, indorsement was presumed to have been given for valuable consideration, where want or failure of consideration was not pleaded (Rev. St. 1925, art. 5933, § 24; art. 2010).**

In suit on note, in which failure or want of consideration was not pleaded, it was presumed that indorsement was given for a valuable consideration, under Rev. St. 1925, art. 5933, § 24, and article 2010.

On Rehearing. ·

**13. Bills and notes ⊂⇒444—Surrender of maker's renewal note or proof that it had been destroyed and had not been negotiated held condition precedent to recovery on original note.**

Where renewal note had been given, plaintiff was under duty, as condition precedent to its right to recover on the original note, to surrender the renewal note executed by defendant or

⊂⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

to make proof that it had been destroyed and had not been negotiated.

**14. Pleading ☞387—Judgment must rest on testimony competent under pleadings.**

Judgment must rest on competent testimony which should have sufficient basis in pleading.

**15. Banks and banking ☞109(3)—Authority of bank's cashier to accept something other than money in payment of note is not presumed.**

While authority of cashier to discharge note on its payment in money may be presumed, presumption of authority to give discharge by accepting something other than money in payment does not necessarily follow.

**16. Banks and banking ☞118—Where defendants' pleadings in bank's suit on original note failed to allege that cashier's agreement for taking renewal note in payment was in writing, defendants had burden to prove cashier's authority.**

In bank's suit on note, in which defendants alleged contract with bank acting by its cashier, whereby renewal note was to be taken in payment and discharge of original note sued on, authority of cashier to enter into novation agreement was not presumed, but defendants had burden of proving his authority, where pleadings failed to show that novation contract was in writing, though no plea of want of authority was filed by plaintiff.

Appeal from District Court, Jones County; W. R. Chapman, Judge.

Action by the First State Bank of Hawley against W. F. Hall and another. Judgment for plaintiff, and defendants appeal. Reversed and remanded for new trial.

A. J. Smith, Brooks & Robinson, and Smith & Smith, all of Anson, for appellants.

Thomas, Pope & Shapard, of Anson, for appellee.

HICKMAN, J. The appeal is from a judgment in favor of appellee and against appellant Hall as maker and appellant Chorn as indorser of a promissory note. The case was tried before the court without the aid of a jury, and no findings of fact and conclusions of law appear in the record. The appellant Hall pleaded as a defense to the note that same had been novated, the claim of novation being based upon the following allegations in his answer: That, after the note sued upon became due, at the request and suggestion of the cashier of the bank, he executed and delivered to the bank his renewal note in lieu of the note sued upon, and that, in consideration of the execution of said renewal note, the bank contracted, promised, and agreed with him that it would deliver and surrender to him the note sued upon; that he relied upon the promise and agreement, and executed and delivered to said bank a renewal note; that the bank has never returned to him the renewal note, but same is still an outstanding obligation against him.

The appellant Chorn pleaded novation, based upon the same allegations, in substance, as those contained in the answer of the appellant Hall, and, in addition, pleaded that he was not primarily liable on said note, but that, if liable at all, his liability was that of indorser; that the appellee bank did not bring suit upon the note at the first term of the district court to which suit could have been brought, nor at the second term of said court; that said note was not sued upon until more than one year after it became due and payable; and that, on account of the bank's failure to bring suit at either the first or second term of the district court after the maturity of said note, said appellant had been discharged from liability.

The facts disclosed in the record on the question of novation are substantially that, at the time the note was executed, as well as at the time it became due, and for several months thereafter, the appellant Chorn was cashier of the appellee bank. The appellant Hall was a tenant on a farm belonging to appellant Chorn. W. R. Hedrick became cashier of appellee bank four or five months after the maturity of the note. His testimony would support the conclusion that he discussed this note with both appellants, and refused to accept a renewal thereof signed by appellant Hall alone; that appellant Chorn agreed with him to sign a renewal note; that he talked to Chorn more than one time regarding the matter. Thereafter, and on July 31, 1926, Hedrick, the cashier, sent to appellant Hall through the mail the following letter:

"Mr. W. F. Hall, Hawley, Tex.—Dear Sir: Hereto attached note for ($1,093.26) this is to take up note of yours and Mr. J. H. Chorn's for ($996.66) due Oct. 1st, 1925.

"Please sign and return to us in the enclosed envelope and I will return to you canceled note for ($996.66).

"Yours truly,    W. R. Hedrick, Cashier."

Appellant Hall executed the renewal note therein inclosed, and sent it back to the bank with his signature affixed. Hedrick testified that he thereupon mailed the note to appellant Chorn for his signature, but that same was returned to him through the mail unsigned. He thereupon delivered the renewal note to his attorney, who later filed suit on the original note.

[1-4] Appellant Chorn denied the receipt of the renewal note; but we must presume, in support of the judgment, that the trial court resolved the issues of fact in favor of the bank and against appellants. We do not believe the evidence establishes a novation. Novation is a question of fact to be passed upon by the court or jury. The burden is upon the one asserting no-

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

vation to prove it. No witness testified in this case that there was ever an agreement to substitute the note of appellant Hall, without the indorsement of appellant Chorn, for the note sued upon in this case. The only evidence of such an agreement is the letter hereinabove copied and the fact that the renewal note executed by appellant Hall was not returned to him. The retention by appellee of the original note and of the renewal note creates no presumption that the renewal note was taken as payment of the original. Darby et al. v. Farmers' State Bank of Barnet (Tex. Civ. App.) 253 S. W. 341, and authorities there cited.

[5-7] Neither do we think the letter alone is sufficient to establish a contract of novation. The testimony would support the finding that the renewal note was to be accepted in payment of the original upon condition that same be indorsed by appellant Chorn. The agreement being based upon that condition, it could not become effective until the condition was fulfilled. The letter discloses that the note for which the renewal was executed by appellant Hall was the note of Hall and Chorn. The agreement being that both should execute the renewal before same would be excepted by the bank, according to the testimony of appellee's witnesses, we do not believe that the letter evidences any intention to change this agreement and to release Chorn from liability. The presumption would certainly obtain that the bank did not intend voluntarily and without consideration to release Chorn from this obligation, and we do not believe the letter indicates such intention. The evidence supports the judgment of the trial court in favor of appellee on the issue of novation, and the assignments of appellants presenting this question will be overruled.

It is urged by appellants that appellee was entitled to no judgment, because it did not tender back to appellant Hall the renewal note executed by him, or properly account for the same. The contention is made that such note may have been negotiated by the bank before maturity, and that appellant Hall may hereafter be compelled to pay it to an innocent holder thereof. The evidence of appellee on this issue is that, after appellant Chorn returned the note unsigned, the same was delivered to appellee's attorney. That is our construction of the testimony of the witness Hedrick, who testified that "immediately after it came back unsigned I sent it to you." Evidently the appellee's attorney who was conducting the examination of the witness was the person referred to as "you" in the testimony. We believe that appellee should have returned this note or accounted for it in a more definite manner, but have concluded that its failure so to do would constitute no defense to this suit. The only issue involved was the liability of appel-

lants on the note in suit. Appellant Hall did not ask for the cancellation of the renewal note in his pleadings, and did not interrogate appellee's witnesses to determine anything about the then ownership and possession of the renewal note. The evidence establishing the note in the hands of the appellee and its agent and attorneys at a time just prior to the institution of this suit, it will be presumed that there has been no transfer thereof, but that possession of said note is still with appellee. We cannot presume that appellee has negotiated a note which it had no lawful right to negotiate.

[8, 9] On the defense of the appellant Chorn that he was discharged on account of the failure of the bank to bring suit on the note at the first or second term of the court after the maturity thereof, the facts are undisputed. They disclose that suit was brought to the third term of court after maturity of the note. It is provided by article 566, R. S. 1925, in substance, that the holder of any promissory negotiable note may fix the liability of an indorser, without protest or notice, by bringing suit against the maker before the first term of the court to which suit can be brought after the right of action accrues, or before the second term with a showing of good cause for the delay. This article of the statute, in so far as the same covers the provisions above stated, was article 579 of the revision of 1911. That article was held to have been repealed by the Negotiable Instruments Act in an opinion by the Commission of Appeals in the case of First National Bank v. Lee County Cotton Oil Co., 274 S. W. 127, the opinion in that case being rendered on June 27, 1925. The Revised Statutes of 1925 took effect on September 1, 1925, and re-enacted old article 579 as a part of article 566. The effect of re-enacting this article is not necessary for determination by us in the disposition of this case, as we view it, and we therefore express no opinion thereon. If the decision of the Supreme Court should be construed as holding that the re-enacted article is repealed, then obviously it furnishes no defense to appellant. But we are of the opinion that, conceding that, by bringing the provisions of this article forward in the revision of 1925, it was effectively revived, and is therefore a binding statute, it nevertheless furnishes no ground of defense to appellant. This article is cumulative. It provides a method of fixing the liability of an indorser where the note has not been protested or no notice of dishonor by nonpayment given. McCamant v. McCamant (Tex. Civ. App.) 203 S. W. 118.

Under the provisions of article 5938, § 118, of the Revised Statutes protest is not required, except in the case of foreign bills of exchange. By the provisions of other sections of this article, liability of an indorser may be fixed by notice of dishonor. Where

liability is fixed in this manner, the provisions of article 566 with reference to the bringing of a suit would not apply. Suit is made necessary to fix liability only when no notice of dishonor has been given. By section 109 of article 5938 it is provided that notice of dishonor may be waived, either expressly or impliedly. By section 111 of the same article a waiver of protest, whether in the case of a foreign bill of exchange or other negotiable instruments, is deemed to be a waiver, not only of a formal protest, but also of presentment and notice of dishonor. The note in suit contains the words, "waiving grace and protest." Under the provisions of the article above quoted, this was an express waiver, not only of protest, but of notice, and fixed the liability of the indorser, without the necessity of bringing a suit at the first or second term of court after maturity of the note.

[10, 11] But, independent of the waiver, the facts in this case establish that appellant Chorn received notice of dishonor in accordance with the statutes. By section 96 of article 5938 it is provided that the notice may be in writing or merely oral. By section 108 of the same article it is provided that, where the notice is actually received by the party within the time specified, it will be sufficient, though not sent in accordance with the requirements of the law. All of the provisions with reference to notice were enacted for the benefit of a person secondarily liable, and, if he actually receives notice, he cannot complain of the form thereof. The facts of this case show that, at the time this note matured, the appellant Chorn was cashier of the appellee bank, charged with the duty of collecting this note. The duty rested upon him to notify himself that same was not paid, and we must presume conclusively against him that he did so notify himself. Otherwise we would be permitting him to profit by his own neglect. Appellant Chorn having actually received notice of dishonor, his liability was fixed, and no suit against the maker was necessary to fix that liability.

[12] The proposition is advanced in appellant Chorn's brief that there was no consideration for his indorsement of this note. The facts disclose that the note was indorsed long after its delivery to, and acceptance by, the bank, and it is insisted that no consideration for such indorsement is disclosed in the record. We are unable to grant any relief on this account. It is provided in article 5933, § 24, R. S., that every negotiable instrument is deemed prima facie to have been issued for a valuable consideration, and every person whose signature appears thereon to have become a party thereto for value. By article 2010, R. S., it is provided that an answer setting up that a written instrument upon which a pleading is founded is without consideration, unless the truth of the pleadings appear of record, shall be verified by affidavit. Appellant's answer did not attempt to plead a failure or want of consideration. As the note was introduced in evidence before the court, it contained the indorsement of appellant Chorn. The law presumes that this indorsement was for a valuable consideration, and provides that, in order to be entitled to introduce evidence overcoming this presumption, a plea setting up the facts must be filed. In the absence of such plea, the assignment presenting this objection cannot be sustained.

Finding no reversible errors in the record, it is our order that the judgment of the trial court be affirmed.

### On Rehearing.

HICKMAN, C. J. [13] Upon more mature consideration of this case on rehearing and by reason of a suggestion made by the new associate justice of this court, we have concluded that we erred in our original opinion in our disposition of one of the questions there discussed. It is now our opinion that the duty rested upon appellee, as a condition precedent to its right of recovery on the note sued upon herein, to surrender, upon the trial of this cause, the renewal note executed by appellant Hall, or to make proof that same had been destroyed and had not been negotiated. This conclusion is supported by many authorities, including the Supreme Court of this state. Otto v. Halff & Bro., 89 Tex. 384, 34 S. W. 910, 59 Am. St. Rep. 56; 2 Daniel on Negotiable Instruments (6th Ed.) § 1272, p. 1434; Jackson v. Brown, 102 Ga. 87, 29 S. E. 149, 66 Am. St. Rep. 156; Keyser v. Hinkle et al., 127 Mo. App. 62, 106 S. W. 98.

In the last case cited the court, in discussing a situation similar to the one presented in this case, uses the following language:

"The only condition imposed on him by law was to account for the renewal note in order that defendant might not be compelled to pay the same debt twice."

In the case of Jackson v. Brown, supra, it is stated:

"It seems to be a well-established rule of law, that where a bill of exchange or negotiable note is taken for a prior debt, a party cannot recover upon the original consideration unless the bill or note is produced to be cancelled at the trial, or unless it appears that it cannot be enforced by a third person."

In the case of Otto v. Halff & Bro., supra, our own Supreme Court states the rule in this language:

"If suit be brought upon the original consideration, and the note be negotiable, the plaintiff must show that it has not been transferred and is lost or destroyed, or he must produce and surrender it."

The evidence in this case clearly brings it within the rule above announced. It was the duty of appellee, who was plaintiff below, upon the trial of this cause to produce the renewal note executed by appellant Hall, or to properly account for same. Having failed to do so, it was not entitled to a judgment upon the original note, and for this error a reversal is ordered.

[14] In view of another trial of this cause, we think it proper to call attention to the state of the pleadings in order to avoid a possible error upon retrial. As disclosed in the original opinion, appellants pleaded an express contract with appellee whereby the renewal note was to be taken and accepted by appellee in discharge of the note sued upon. They did not plead that such contract was in writing, but, in support of the pleading, introduced the letter copied in the original opinion. Parol evidence was introduced to establish the fact that this letter did not embody the full terms of the contract between the parties, and that it was written through mistake. Grave doubts have arisen in the minds of some members of this court as to whether this parol evidence should have been considered, in the absence of a pleading attacking the written offer contained in the letter. No assignments raise the question here of the sufficiency of the pleading to admit this proof or challenge the sufficiency of the evidence to support the verdict in this particular, but, in view of the well-established rule that a judgment must rest upon competent testimony, we think it proper to call attention to the fact that there is no pleading in this case as a predicate for the oral testimony varying the terms of this letter. We do not determine whether such pleading was necessary, and do not decide the many questions of law suggested by the situation, because they are not properly raised, but we make the above suggestion to the end that the question may be simplified upon the next trial of this cause.

[15, 16] Were we to undertake to determine in the present state of the record the question of whether or not the letter and the renewal note completely evidence a payment and discharge of the note sued on, the case would have to be reversed and remanded anyway, because we cannot say, as a matter of law, that Hedrick, the cashier, had authority to accept the new note as payment and discharge of the old note. We may presume existence of the authority of such officer to discharge the note upon its payment in money. But it by no means follows that authority will be presumed to give such discharge by accepting something other than money in payment. First State Bank v. H. H. Lang, 55 Mont. 146, 174 P. 597, 9 A. L. R. 1139. Had the pleadings declared upon the letter as a part of the agreement claimed to be a nova-

tion, then no proof of the authority of the cashier would have been necessary, in the absence of a sworn plea of non est factum. But the pleadings gave no notice that a contract in writing was relied on, and no plea of want of authority was necessary to put upon defendants the burden of proving authority. Missouri State Life Insurance Co. v. Boles (Tex. Civ. App.) 288 S. W. 271; T. & P. Ry. Co. v. Byers Bros. (Tex. Civ. App.) 73 S. W. 427.

For the reasons indicated, the motion for rehearing will be granted; the judgment heretofore entered by this court in this cause will be set aside; the judgment of the trial court will be reversed, and the cause remanded for a new trial.