### BELL v. AUSTIN, Banking Com'r, et al.
### No. 9466.

Court of Civil Appeals of Texas. Galveston.

July 9, 1930.

J. B. Clegg, of Trinity, and Dean & Humphrey, of Huntsville, for appellant.

C. H. Crow and Hayne Nelms, both of Groveton, for Trinity State Bank.

PLEASANTS, C. J.

This suit was originally brought by Chas. O. Austin, banking commissioner, against the appellant, to recover upon a note for $960.46, executed on March 10, 1921, by B. B. Blackman, principal, and appellant as surety, and payable to the First State Bank of Trinity, or its order, on October 1, 1921, with interest from date at the rate of 10 per cent. per annum, and stipulating for an additional 10 per cent. on the amount of principal and interest due on the note, as attorney's fee, in the event it was not paid at maturity and was placed in the hands of an attorney for collection.

After the suit was brought, the appellee, Trinity State Bank, having acquired, by purchase, all of the rights of the banking commissioner and the First State Bank of Trinity, intervened in the suit and sought to recover the amount due upon the note.

The defendant Blackman answered by a general demurrer and a general denial. The substance of the answer of defendant Bell, and appellees' reply thereto, are thus sufficiently stated in appellant's brief:

"Appellant answered and pleaded, among other things, that the note sued on was executed by the appellant as surety but that after the maturity of same the First State Bank of Trinity, payee, being the legal owner and holder of said note, made a material alteration in same without the knowledge or consent of the appellant, in that the First State Bank of Trinity secured to be executed to it by said B. B. Blackman a new note in the principal sum of One Thousand Sixty and 96⁄100 ($1,060.96) Dollars, bearing date about January 30th, 1922, and being payable to the order of the First State Bank of Trinity about the 1st day of October, 1922, said note being in renewal and in extension and in settlement of the said note of March 10th, 1921, the original note on which this suit was brought, and which said new note was secured by said Blackman by the execution and delivery of his certain Chattel Mortgage to the First State Bank of Trinity, bearing date January 30th, 1922; which said mortgage was by the First State Bank of Trinity filed for registration with the County Clerk of Trinity County and which said mortgage was duly registered by said County Clerk on the 6th day of February, 1922; and that at the time of the execution and delivery by said Blackman of said new note and mortgage the First State Bank of Trinity delivered to said Blackman the original note executed by said Blackman and by the appellant, as surety, whereby the First State Bank of Trinity accepted said new note and mortgage in full satisfaction of the original note declared on herein, whereby the appellant became released from all liability on said original note as surety thereon. Appellant further answered and pleaded, that the subsequent repossession of said original note by The First State Bank of Trinity, after the same had been delivered to said Blackman in consideration of the execution and delivery of the new note and mortgage, and after the mortgage had been filed for registration, did not, and could not, revive the said original note and the liability of the appellant as surety thereon, but that said new note and security therefor being taken by said First State Bank of Trinity satisfied and discharged said original note and that recovery cannot now be had against the appellant on same. Appellant further answered and pleaded that said First State Bank of Trinity foreclosed its mortgage of January 30th, 1922, against the defendant, B. B. Blackman, by taking over a portion of the security described therein, but failed to give the said defendant, Blackman, credit upon his indebtedness to said Bank; that at the time of the institution of this suit the plaintiff was in possession of the note given by the defendant Blackman to the said First State Bank of Trinity on January 30th, 1922, but

failed to institute suit thereon as required by law. By way of replication to appellant's answer, appellee specially denied that there was any alteration made in said original note sued upon and alleged that said new note and mortgage executed by said Blackman to the First State Bank of Trinity were never accepted by said Bank but that same were made on the condition that said appellant, Bell, would endorse said new note as surety, which in fact was never done and said Bank then recalled said original note into its possession; that said mortgage dated January 30, 1922, was inadvertently forwarded to the County Clerk of Trinity County for registration due to the belief on the part of said Bank that said appellant, Bell, would sign said new note; that said First State Bank of Trinity and appellee, the Trinity State Bank, have never recognized said mortgage as a binding obligation in any manner whatsoever, have never exercised any right thereunder and have never sought to foreclose the same or to take charge of any of the property set out in said mortgage but that said old note sued on in this case is the only valid obligation in the hands of said First State Bank of Trinity and acquired by said intervenor, appellee, in the liquidation of said First State Bank of Trinity. Appellee further answered and alleged that the First State Bank of Trinity never at any time sought to foreclose or did foreclose said mortgage of January 30th, 1922, but allege that the only property described in said mortgage and taken over by said Bank was taken in payment of altogether another and different note made, executed and delivered by said Blackman to said Bank and to partially pay said different obligation to said Bank."

The trial of the case in the court below without a jury resulted in a judgment in favor of appellee for the full amount of the principal, interest, and attorney fees found due upon the note sued on, aggregating the sum of $1,901.65.

From this judgment only the defendant Bell has appealed.

The evidence fully supports all of the material averments in the pleading of appellee, above set out. Upon this state of the evidence the rule of law, invoked by the propositions presented in appellant's brief that relieves a surety from liability when the contract upon which he became surety is materially changed without his consent or knowledge, has no application.

The undisputed evidence shows that the renewal note and mortgage executed by Blackman was never accepted by the bank in lieu of the original note upon which this suit was brought. The Bank agreed to the renewal only on the condition that the renewal note would be signed by appellant, and when Blackman, who had taken it to Bell to obtain his signature, brought it back to the bank and reported that appellant had declined to sign it, the bank refused to accept it, and required Blackman to get and return the original note which he had left with appellant.

After Blackman secured and returned the original note that had not been canceled or delivered unconditionally to him, which he shortly did, the renewal note which was never entered or carried as an asset of the bank was either destroyed, thrown in the waste basket, or delivered to Blackman. Whatever may have become of it, the undisputed evidence shows that the bank has not negotiated it and has never asserted any claim to or under it, but continuously held and carried the original note as an asset.

Appellant has, at all times, known that no payment has been made on the original note and has never requested appellee to bring suit against the principal, Blackman. The filing of the mortgage was inadvertently done by some employee of the bank, and no rights under this mortgage or surety for the debt due by Blackman and Bell have ever been asserted by the bank. The mortgage was upon personal property owned by Blackman, and was executed to secure the Blackman and Bell note, and also any other future indebtedness of Blackman's to the bank. Subsequent to the abortive attempt to renew the Blackman-Bell note, Blackman borrowed $200 from the bank, for which he gave his note. When this note became due and he was unable to pay it, he brought the bank a mule that was covered by the mortgage, and the bank took the mule at an agreed price, which was credited on the $200 note.

It is hardly necessary to cite authorities to sustain our conclusion that the facts established by this evidence fall far short of sustaining appellant's contention that there was an alteration in the original contract that relieved him of liability thereon.

The evidence shows that no valid binding contract of renewal of the original note was made by Blackman and the bank, and, this being so, it goes without saying that appellant's defense to the suit on the note has failed. The case of Hall v. First State Bank (Tex. Civ. App.) 4 S.W.(2d) 253, is very similar in its facts to the instant case upon the question of an attempted renewal of a note by the principal and payee without the consent of the surety, and fully sustains our conclusion in this case.

The judgment of the trial court is affirmed.