**PAYDEN v. JULLEIS.**

No. 9090.

Court of Civil Appeals of Texas. San Antonio.

May 31, 1933.

Hill & Greer, of Mission, for plaintiff in error.

W. T. Carlton, of Harlingen, for defendant in error.

FLY, Chief Justice.

Defendant in error sued P. P. Ewing and his wife, Geneva Eugenia Ewing, R. E. Ewing, M. L. Payden, and Neal A. Brown,

trustee, to recover on two promissory notes, each for the sum of $2,000, executed by P. P. Ewing and R. E. Ewing and indorsed by M. L. Payden. The suit was also to foreclose a deed of trust executed by P. P. Ewing and wife on certain lots of land in the city of Edinburg, Hidalgo county; Neal A. Brown being trustee in the deed of trust.

Judgment by default on the notes was rendered against P. P. Ewing and R. E. Ewing and M. L. Payden, and a foreclosure of the deed of trust lien on the land was rendered against P. P. Ewing and wife and Neal A. Brown, trustee. There is, of course. no statement of facts. Payden alone appealed.

The first proposition is to the effect that, Payden being only an indorser, it was necessary for defendant in error, Julleis, to allege and prove that the notes were presented to him for payment. The petition alleged that payment of the notes was demanded of each of the defendants, but there is no allegation of notice of dishonor or demand for payment. Article 5938, § 89, Revised Statutes, provides that: "Except as herein otherwise provided, when a negotiable instrument has been dishonored by non-acceptance or non-payment, notice of dishonor must be given to the drawer and to each indorser, and any drawer or indorser to whom such notice is not given is discharged." The petition failed to allege that such notice was given by the holders of the notes to the indorser, of the dishonor of the same, and it follows that no cause of action was stated as to the indorser of the notes, and, the petition being subject to general demurrer, it did not create a basis for a judgment against the indorser. While the statute is clear, still it has been construed in several decisions: First National Bank v. Cotton Oil Co. (Tex. Com. App.) 274 S. W. 127; First State Bank v. Warehouse Ass'n (Tex. Civ. App.) 276 S. W. 773; Hall v. State Bank (Tex. Civ. App.) 4 S.W.(2d) 253. It is held in the Bank v. Warehouse Case that the notice of dishonor must be given, and suing at the first term of court after the note becomes due does not meet the legislative requirement for notice of dishonor. Article 566, Revised Statutes, in regard to fixing liability of indorser, was repealed by the provision for notice of dishonor in the codification of the Negotiable Instruments Act, as adopted in 1925. The Eastland Court of Civil Appeals held, in effect, in the Hall v. Bank Case, that the notice of dishonor must be given and the suit filed also as required in article 566, in order to fix the liability. We feel disposed to follow that decision, and therefore hold that the petition was insufficient to form the basis for a judgment by default, even though the suit had been brought at the first term of the court after the notes became due. Notice of dishonor was not alleged. There is no allegation

as to the term at which the suit was filed, with reference to maturity of the notes.

The judgment will be affirmed as to all the parties except M. L. Payden, the indorser, and as to him it will be reversed and the cause remanded.