HANF, Executor, and others, Appellants, vs. THE NORTH-WESTERN MASONIC AID ASSOCIATION, Respondent.

*March 22 — April 8, 1890.*

*Life insurance: Evidence: Transactions with deceased person: Agency: Fraud: Waiver: Immaterial error.*

1. Sec. 4069, R. S., which excludes the testimony of a party or the person under whom he claims, as to transactions and communications had by him personally with a deceased or insane person under whom the opposite party claims, does not exclude the testimony of an agent of the party or person whose testimony is so excluded. So *held*, in respect to the testimony of an agent of a life insurance company as to transactions with a deceased policyholder.

2. A principal is not bound by the unauthorized and fraudulent acts of an agent, done in pursuance of a corrupt conspiracy between such

agent and the person who seeks to obtain the benefit of the fraud. Thus, where the agent of a mutual aid association and the insured, both knowing of a by-law forbidding the insurance of any person over fifty years old, conspired together to procure the insurance by falsely representing that the insured was under fifty years, the association is not bound by the acts of the agent, and there is no waiver of the restriction in the by-law.

3. The admission of incompetent evidence to prove a certain fact is immaterial where the proof of such fact by competent and undisputed evidence justified the court in taking the question from the jury.

APPEAL from the Circuit Court for *Lincoln* County.

The defendant, the *Northwestern Masonic Aid Association*, issued to Carl Hanf a certificate of life insurance in class No. 4, in a sum equal to $1.20 for each member of such class, but not to exceed $2,500. The certificate bears date April 27, 1881. Carl Hanf died May 2, 1888. This action was brought by his children, who are named in his application for the insurance as the beneficiaries thereof. One of them, *E. F. Hanf*, joined in bringing the action as well in his own right as in his capacity as the executor of the last will and testament of his father. The complaint contains averments showing that class No. 4 was sufficiently large to make the insurance $2,500. In his application for the insurance, Carl Hanf stated his age to be forty-nine years, and stated the date of his birth to have been June 29, 1831. Such application contains an agreement, signed by Carl Hanf and the agent of the insurance company, to the effect that if the application contained any misrepresentations, or if any fraudulent or untrue answers were made therein, the agreement for insurance should be null and void, and all moneys paid thereon forfeited to the association. The by-laws of the association require that applicants for membership should not be more than fifty years of age.

The claim is contested on the ground that when he made such application Carl Hanf was over fifty years of age.

The testimony on the question of age is stated in the opinion, as are also the material rulings of the court on objections to the admission of testimony.

By direction of the court a verdict was rendered for the defendant. A motion for a new trial was denied, and judgment for defendant entered pursuant to the verdict. The plaintiffs appeal from the judgment.

For the appellants there was a brief by *Flett & Porter* and *Bump & Hetzel*, and oral argument by *E. L. Bump*.

For the respondent there was a brief by *Curtis & Curtis*, and oral argument by *George Curtis*.

LYON, J. If the testimony of the local agent of the defendant association, through whom the insurance was obtained, is competent, it proves conclusively that Carl Hanf was over fifty years of age when the certificate of insurance in suit was applied for and issued, to the knowledge of both him and the agent, and that at the solicitation of Hanf the agent conspired with him to misrepresent his age to the association in order to obtain the insurance; also that both knew the association would not issue the certificate if informed of the true age of the applicant. The truth of the last statement is proved by the fact that Hanf made an earlier application for insurance to the association, through the same agent, in which it was stated that he was born June 29, 1830, and was fifty years of age, and the application was rejected by the association for the sole reason that he was over the prescribed age. .

The learned counsel for plaintiffs submitted an elaborate and ingenious argument to show that, under sec. 4069, R. S., the agent was not a competent witness to prove the statements of Hanf. That section only excludes the testimony of a party to the action, or the person under whom he derives his title to or interest in the subject of the action, of transactions and communications had by him per-

sonally with a deceased or insane person through whom the opposite party claims or defends. It does not exclude the testimony of the agent of the party or person whose testimony is thus excluded. At the common law the testimony of a party to the action was absolutely excluded, but the agent of such party was a competent witness to prove the whole cause of action or the defense, although the opposite party derived his interest in the subject matter of the controversy through a deceased person. Sec. 4069 does not exclude testimony which was admissible at the common law. We find no adjudication which sustains the contention of counsel, and it is clearly unsound in principle.

It is further contended that in the present case the agent effectually waived the provision of the by-law of the association excluding applications for insurance by persons fifty years old and upwards, and that the association is bound by such waiver. It is claimed that *Morrison v. Wis. O. F. M. L. Ins. Co.* 59 Wis. 162, sustains this proposition. In that case a fraudulent misrepresentation of his age was made by the insured. After the insurance company was chargeable with notice of the fraud, it continued to make assessments upon the insured, from time to time, which he paid. This was held a waiver of the right to declare the insurance forfeited. In this case the first knowledge the defendant association had of the fraud was when it received proofs of the death of Hanf, signed and sworn to by each of the plaintiffs, in which it is stated positively that Hanf was born June 30, 1827, and hence was over fifty-three years old when the certificate of insurance was issued to him. The association thereupon immediately repudiated liability upon the certificate. It also tendered to the executor of Hanf's estate a return of all assessments paid by him upon such certificates, which, by the terms of the contract, it was under no obligation to do. The *Morrison Case* is perhaps the strongest one cited in support of the claim

of waiver, and that case falls far short of sustaining the claim.

In the present case both Hanf and the agent of the association knew that the by-law limited insurance therein to persons under fifty years of age at the time of the application, and that the association would not insure Hanf if it knew he was over that age. They also knew that Hanf was over fifty years old, and that the agent had no authority to waive the by-law. Knowing the above facts, these two men entered into a conspiracy to defraud the association, and in pursuance thereof made the application upon upon which the certificate was issued, and, by falsely stating that the age specified in the first application was so stated by a mistake of the agent (in whom the company evidently had confidence), prevented all suspicion of fraud.

If there is a case in the books which holds that a principal is bound by the unauthorized and fraudulent acts of his agent, done and performed pursuant to a corrupt conspiracy between such agent and the person who seeks to obtain the benefit of the fraud, we have not found it. If there is such a case, we decline to incorporate the doctrine of it into the jurisprudence of this state.

On the question of the age of Hanf the court admitted in evidence, against the plaintiff's objection, the proofs of loss as an admission by the plaintiffs of the true age of the assured. The court also admitted, against like objection, what purports to be an authenticated certificate of the birth of Hanf, as shown by a church register in Germany, wherein it is stated that he was born June 29, 1827. The competency of such evidence was discussed by counsel in their arguments at considerable length. It is not necessary to pass upon the question, because the defense was fully proved without resort to either of those documents, and it is entirely immaterial whether they were erroneously admitted or not. If they are both stricken from the case, it

was still proper, under the competent and undisputed testimony, for the court to direct a verdict for the defendant.

*By the Court.*— The judgment of the circuit court is affirmed.