Laack vs. Runge.

LAACK, Executrix, Plaintiff in error, vs. RUNGE, Defendant in error.

*September 5 — September 26, 1899.*

*Evidence: Transactions with persons since deceased.*

Unless a witness is a party to the action, or is in fact the real party in interest, or is a person through or under whom the party offering his testimony derives his interest or title, secs. 4069, 4070, Stats. 1898, do not make him incompetent to testify as to transactions had by him personally with a person since deceased, through whom the opposite party claims.

ERROR to review a judgment of the circuit court for Sheboygan county: N. S. GILSON, Circuit Judge. *Affirmed.*

This was an action brought by the plaintiff in error in her capacity as executrix of the will of her husband, Henry C. Laack, deceased, for goods, wares, and merchandise sold by him to the defendant in error to the amount of $64.50. The answer admitted the representative character of the plaintiff, the purchase of the goods and the value thereof, and alleged payment therefor. Upon the trial in the circuit court the only issue was upon the question of payment. Upon this issue the defendant produced the testimony, which was received against objection, of one Radloff, who testified that he had a contract with Henry C. Laack, deceased, to erect for him a hotel building; that *William Runge* worked for him in the construction of the building, and that he had an arrangement with Laack by which Laack sold to *Runge* and other workmen goods out of his store, and was to receive his pay from Radloff for such sales by deducting the bills from the amount due Radloff upon his contract; that in pursuance of that arrangement the amount of the bill of goods sold to *Runge* was taken out of the contract price of the hotel, when he (Radloff) settled with Laack. The jury rendered a verdict for the defendant, and the plaintiff sued out a writ of error.

Laack vs. Runge.

*A. C. Shaw,* for the plaintiff in error.

*M. C. Mead,* for the defendant in error, to the point that the mere fact that a witness has an interest in the result of the action, if not affected by the judgment, does not render him incompetent, if he is not a party to the suit, cited 3 Jones, Ev. § 791; Greenl. Ev. § 390; *Eisenlord v. Clum,* 126 N. Y. 555; *Hobart v. Hobart,* 62 N. Y. 80; *Nearpass v. Gilman,* 104 N. Y. 506; *Wallace v. Straus,* 113 N. Y. 238; *Connelly v. O'Connor,* 117 N. Y. 91; sec. 4068, Stats. 1898.

WINSLOW, J.  The only question presented by the record is as to the admissibility of the testimony of the witness Radloff.   The plaintiff in error claims that under secs. 4069, 4070, Stats. 1898, Radloff could not testify as to any transactions had by him personally with the plaintiff's testator. It is difficult to see upon what basis this contention rests. The sections named simply forbid the examination of *a party* to the action, or any person through or under whom a party derives his interest or title, as to transactions or communications had by him personally with a deceased or insane person through whom the opposite party claims or defends. Unless the witness is a party to the action, or is in fact the *real party in interest (Wright v. Jackson,* 59 Wis. 577), or unless he is a person through or under whom the party offering his testimony derives his interest or title, his testimony is not barred by the statute.   Radloff is not a party to the action, nor does he stand in the relation of a real party in interest who will be bound by the judgment, nor does the defendant derive any interest or title through him; hence his testimony was admissible.   If Radloff be considered as the agent of defendant in making the payment, his testimony would still be admissible.   *Hanf v. N. W. M. A. Asso.* 76 Wis. 450.

*By the Court.*— Judgment affirmed.