### HOTCHKISS, Plaintiff-Appellee, v. JAMES, Defendant-Appellant.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 20145. Decided December 17, 1945.

George E. Beach, Cleveland, for plaintiff-appellee.

Deibel, Elbrecht & Roberts, Cleveland, for defendant-appellant.

## OPINION

By SKEEL, P. J.

The plaintiff is one of the daughters of the defendant. On the death of the defendant's wife, there was some litigation filed against this defendant by the administrator of his wife's estate. One case sought to recover a judgment in the sum of $5000.00 with accrued interest upon a certain reconciliation agreement entered into Dec. 31, 1929 by the deceased wife, Katie James, and this defendant. Another case had been filed in the probate court by the administrator against this defendant seeking a declaratory judgment on the subject of the right of this defendant as the surviving spouse in the estate of his deceased wife, by reason among other things of the claim that he had withheld the will of the said decedent from probate for more than four years.

While this litigation was pending, negotiations for settlement were carried on until about April 1, 1942, when the defendant and all of the heirs of Kate James, being the children also of this defendant, either themselves or through their guardians with the approval of the probate court, entered into written contracts settling all of the issues then in litigation.

One of said contracts was between this defendant as party of the first part, and John W. James, Paul C. James, Carol S. Hotchkiss (plaintiff herein) and Robert W. James as second party. In part it provided

"Witnesseth: For the consideration hereinafter mentioned, first party agrees to give to each of second parties a promissory note dated April 1, 1942, in the amount of $1,000.00 payable on or before one year after date and bearing no interest before maturity."

Thereafter the contract provides that "for the aforesaid consideration each of the parties of the second part release any and all claims they or their heirs, administrators or executors have or may thereafter have and particularly such as "have arisen by reason of the memorandum of agreement

dated Dec. 31, 1929, between Katie James and Clinton T. James or any and all wills made pursuant thereto."

The contract further provides that the second parties "convey, transfer and assign to said Clinton T. James all the right, title and interest, of every nature, or description, which they have or might have in the estate of Katie James, deceased, as heirs at law or otherwise, and further hereby release any and all interest which they have or might have in the property of Clinton T. James * * *."

The probate court, upon the written consent of the heirs, granted the application of the administrator to compromise the litigation theretofore authorized, upon the terms of the said contracts entered into between the defendant and the heirs, as disclosed by the journal of said court. Thereupon, the defendant gave the plaintiff the $1,000.00 note as provided for by the contract.

The defendant subsequently paid $189.25 to the plaintiff who thereupon brought this action in which, by her second amended petition, she alleges that the defendant was indebted to her mother's estate in the amount of $5,000.00 with interest from Dec. 31, 1930; that this defendant denied liability and that "a bona fide dispute was thus in issue." That a settlement was negotiated and the pending actions against this defendant were discontinued and as a part of the consideration for the dismissal of said litigation the defendant contracted to pay this plaintiff $1,000.00 on or before April 1, 1943, and that the settlement thus effected was approved by the probate court. It was further alleged that the defendant paid $189.29 on said obligation, leaving a balance of $810.72 for which amount, with interest and costs, she asks judgment. The action was not brought on the note, which was not even referred to in the petition.

The defendant's answer admits the allegations of the plaintiff's petition as to the settlement, but denies plaintiff's allegations as to defendant's obligation thereunder and copies in full the settlement contract which sets forth the consideration which plaintiff was to receive as above set forth, that is, the $1000.00 note, payable in one year. The answer further alleges that he delivered said note to plaintiff which was received and accepted by her, which the defendant alleges constituted an accord and satisfaction of the plaintiff's rights under the contract upon which this action is founded.

Upon trial, after the opening statement, the plaintiff introduced a copy of the application to compromise the pend-

ing litigation between the estate of Katie James and the defendant; also the journal entry of the probate court approving the settlement made by the heirs and this defendant. The fact that the litigation was dismissed upon the settlement agreement being signed, was stipulated by counsel and the plaintiff thereupon rested her case.

The court then overruled a motion of defendant for judgment to which the defendant excepted.

The defendant then introduced the settlement agreement which the plaintiff admitted to be genuine and he also admitted on behalf of the plaintiff that she received the $1000.00 note as pleaded in defendant's answer. The defendant also offered the contracts of settlement with other heirs or their guardians and further offered the note for $1000.00 admittedly received by plaintiff, which had written across its face the following:

"Paid in full April 2, 1942. (signed) Carol S. Hotchkiss."

The court sustained plaintiff's objection to such evidence and also refused to receive the note in evidence, stating that the defendant's answer pleaded an accord and satisfaction and that any subsequent conduct except payment of the obligation would therefore be immaterial. The defendant then asked leave to amend his answer to plead that the note had been cancelled by plaintiff, which application the court overruled. The defendant then rested his case and upon both parties moving for judgment, the jury was dismissed and the court entered judgment for the plaintiff.

The record clearly presents the question of whether or not the plaintiff, upon the agreed and undisputed facts, can sustain her action upon the contract of settlement without pleading or referring to the note. It is to be noted that the obligation of defendant under the contract was "* * * to give to each of second parties a promissory note dated April 1, 1942, in the amount of $1000.00 payable on or before one year after **date,** and bearing no interest before maturity." This note was given. Therefore at the moment the note was delivered to the plaintiff the obligation of defendant under the contract was fully performed.

From the defendant's side it was a fully executed contract and any further rights of the plaintiff against the defendant were based on the note. This must follow where as is clearly the case under the facts here present, the obligation of the defendant was to give a note. It is within the power of the

parties to agree that a note shall be received as payment of a past due obligation and if such be the clear intention of the parties the court must give effect thereto. The terms used in the contract under consideration are capable of no other construction.

There is one further difficulty with the plaintiff's case. From the admitted facts, the defendant gave the plaintiff a negotiable note as provided by the contract and even if it be admitted for the purpose of the argument that the plaintiff has a cause of action upon the contract without pleading or referring to the note, yet because the note was received by plaintiffs, she should not be permitted to recover in an action on the contract without first surrendering the note or explaining its absence.

As was said by the supreme court of Georgia in the case of Standard Cooperage Company v O'Neill, 146 Ga. 235:

"Where a note is given for an open account without an agreement that it shall extinguish same, it is a condition precedent to judgment on the account that the note be surrendered or be shown to be unenforceable."

Also, in the case of Cohn v. B. M. C. Waist Co. 192 N. Y. S. 847, the court held that one who received a check "in full payment" cannot recover the total amount alleged to be due him, including the check, when he retains the same and does not tender it back.

Likewise, in the case of Jackson v Brown, 102 Ga. 87; 29 S. E. 149, the court, in the course of the opinion (on page 150 of the Southeastern Reporter) says:

"The question then is whether, where one accepts from another, in liquidation of an open account, a negotiable promissory note, he can recover a suit upon the original cause of action, unless, upon trial, he produces the note or satisfactorily accounts for its absence. We think the authorities answer this question in the negative * * *."

Miller v Lumsden, 16 Ill, 161 * * *."

In the case now under consideration, the plaintiff not only failed to account for the note which she admittedly received, but objected to the defendant amending his answer so that the question could become an issue in the case.

One other question remains for consideration and that is whether the court committed an abuse of discretion in re-

fusing defendant the right to amend his answer to include an allegation that he was in possession of the note which the plaintiff had voluntarily cancelled and delivered to him.

The history of the pleadings in this case show a studied attempt on the part of plaintiff to avoid any reference either to the written contract of settlement or the note given in fulfilling the defendant's obligation thereunder. The defendant has been equally as diligent in trying to compel the plaintiff to set forth the provisions of the contract and a copy of the note as provided by §11333 GC, which provides as follows:

"When the action, counter-claim, or set-off is founded on an account or on a written instrument as evidence of indebtedness, a copy thereof must be attached to and filed with the pleading. If not so attached and filed, the reason for the omission must be stated in the pleading."

The original petition in this case, after reciting the settlement, states:

"As a part of the consideration of said settlement and dismissal of said actions, defendant herein, Clinton T. James, promised to pay the plaintiff herein the sum of One Thousand ($1,000.00) Dollars in money on or before April 1, 1943 * * *."

The defendant filed a motion seeking to compel the plaintiff to allege whether or not the promise to pay was in writing, and by affidavit produced a petition filed by the plaintiff in a prior case (which had been voluntarily dismissed by the plaintiff) which she had previously filed upon the same subject matter to which a copy of the contract was attached. The court granted defendants motion. Thereafter the plaintiff filed an amended petition without complying with the court's order and upon motion it was ordered stricken from the files. This same procedure was followed until a fourth amended petition had been filed, when at a pre-trial hearing, upon motion of the plaintiff for leave to withdraw the fourth amended petition, to which a motion to strike had been filed, and to reinstate the second amended petition and to vacate all entries subsequent to the filing of the second amended petition, the court granted the motion and reinstated the second amended petition, even though from the admitted facts the second amended petition did not comply with §11333 GC supra.

From the history of the numerous pleadings, admitted facts and the evidence, there is no question but that the granting

of defendant's motions to amend his answer at the trial, could not have taken the plaintiff by surprise nor would it have required the case to be passed. The refusal to permit such amendment deprived the defendant of a substantial right in the trial of the case and precluded him from presenting a legitimate defense to the action, that is, that the obligation had been voluntarily cancelled or that the obligation had been otherwise satisfied.

For the foregoing reasons, the judgment of the Court of Common Pleas is reversed and the cause remanded for further proceedings according to law.

MORGAN, J., concurs.
LIEGHLEY, J., dissents.