William C. EDWARDS, Plaintiff-Respondent,

v.

Jerry W. PETRONE, Defendant-Appellant.†

Court of Appeals

*No. 90–0852. Submitted on briefs November 19, 1990.—Decided December 19, 1990.*

(Also reported in 465 N.W.2d 847.)

† Petition to review denied.

On behalf of defendant-appellant, the cause was submitted on the briefs of *David C. Bangert* of *Bangert & Blondis, S.C.* of Milwaukee.

On behalf of plaintiff-respondent, the cause was submitted on the brief of *William L. Seymour* of *Seymour, Kremer, Nommensen & Morrissy* of Elkhorn.

Before Nettesheim, P.J., Brown and Anderson, JJ.

ANDERSON, J.   Jerry W. Petrone seeks review of a judgment determining that he owed $42,522.84 in principal and interest on a promissory note to William C. Edwards. Petrone argues that the trial court erred in holding the promissory note, which was under seal, to be an executed contract, and in excluding evidence to support Petrone's affirmative defense of failure of consideration. We affirm because the promissory note was an executed contract under seal; therefore, the seal was conclusive evidence of sufficiency of consideration.

Edwards commenced this action to collect on a promissory note of $50,000 given to him by Petrone. The terms of the note required Petrone to make an initial payment of $25,000 followed by twelve monthly payments of $2,000 and a final payment of $1,000. Edwards alleged that all he had been paid was $19,500 and there was due and owing $30,500 plus interest at the legal rate of 12% per annum.

In his answer Petrone admitted the execution and delivery of the note but denied that he was in default on the terms of the payment. Petrone also raised the affirmative defenses of failure of consideration and accord and satisfaction.

During trial the court held that the promissory note was under seal and was an executed contract; therefore, the seal was conclusive evidence of sufficient consideration. Based on this ruling, the court sustained Edward's objections to Petrone's introduction of any evidence concerning consideration on the grounds that such evidence was immaterial and irrelevant.

The interpretation of a contract is a question of law and although we consider the circuit court's interpretation, we owe no deference to the court. *See Demerath v. Nestle Co.*, 121 Wis. 2d 194, 197, 358 N.W.2d 541, 543 (Ct. App. 1984).

An executed contract is a contract under which all promises have been fulfilled and nothing remains to be done, *see* 1 S. Williston, *A Treatise on the Law of Contracts* secs. 27–28 (3d ed. 1957); *Farrington v. Tennessee*, 95 U.S. 679, 683 (1878). An executory contract is a contract in which the parties have bound themselves to future activity that is not yet completed. *See Farrington*, 95 U.S. at 683; *see also First Wis. Nat'l Bank v. Oby*, 52 Wis. 2d 1, 6–7, 188 N.W.2d 454, 457 (1971).

The promissory note from Petrone to Edwards is an executed contract. Edwards delivered $50,000 to Petrone and Petrone, in exchange, gave his written promise, the promissory note, to repay the money. Promises were exchanged and nothing more had to be done to complete the contract. The requirement that Petrone make payments does not make the promissory note an executory contract. All of the acts necessary to give rise to Petrone's obligation—a delivery of money and a promise to repay—have been performed. *See Security Nat'l Bank v. Cohen*, 41 Wis. 2d 710, 716–18, 165 N.W.2d 140, 143–44 (1969).

The circuit court properly held that an executed contract under seal was conclusive proof of consideration. Our supreme court has held that there is a conclusive presumption as to consideration which is afforded

258

to executed contracts under seal. *Id.* at 719, 165 N.W.2d at 144.

Therefore, in the absence of allegations of fact showing fraud, Petrone cannot attack the promissory note for failure of consideration. *See Virkshus v. Virkshus,* 250 Wis. 90, 93, 26 N.W.2d 156, 158 (1947). Petrone did not plead the affirmative defense of fraud and was properly prevented by the circuit court from introducing evidence of failure of consideration.

*By the Court.*—Judgment affirmed.