DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Mark H. Koltnow, appeals from an order of the Summit County Court of Common Pleas, which ordered accelerated payment of a promissory note and awarded certain fees and costs, based on retention of jurisdiction over the settlement agreement giving rise to said promissory note. We reverse.
 I {¶ 2} The facts pertinent to this case are not in dispute. Appellee sued Appellant, but the parties reached a settlement during the pendency of litigation. The essential terms of the settlement agreement required that Appellee release all claims and maintain confidentiality of the agreement. In return, Appellant would execute a promissory note in the sum of $70,000, to be paid in monthly installments of $1,000. Based on this agreement, a Stipulated Dismissal Entry was filed with the court, which dismissed the litigation but provided that the court would retain jurisdiction over the settlement agreement.
 {¶ 3} The promissory note contained an acceleration clause, which, in the event of certain late payment, would allow the holder to demand the entire remaining debt payable immediately. Eventually, based on accusations of late payment, Appellee sought to trigger the acceleration clause and enforce the note for the entire amount. To do this, Appellee moved the trial court to order judgment in the context of enforcing the settlement of the existing case.
 {¶ 4} Under the purported authority of its retained jurisdiction over the settlement agreement, the trial court held at least two status conferences to discuss with the parties the payments due on the note, issued an order altering the terms of the note, and ultimately ordered the acceleration. Besides granting Appellee the authority to collect the entire balance of the note, this final order also awarded attorney's fees and costs.
 {¶ 5} Appellant has timely appealed, asserting two assignments of error.
 II Assignment of Error Number One
"A Trial court is without authority or jurisdiction to modify the terms of a promissory note required under the terms of a settlement agreement."
 {¶ 6} Appellant has argued that the trial court lacked authority over the promissory note, based solely on its retained jurisdiction over the settlement agreement. That is, the trial court was without jurisdiction to enforce this note under the circumstances of this case. We agree.
 {¶ 7} We begin by recognizing that a promissory note is by definition and purpose a negotiable instrument: "a written promise to pay a certain sum of money at a future time, unconditionally." Burke v. State (1922), 104 Ohio St. 220, 222. Accord R.C. 1303.03(A) (E)(1). As a negotiable instrument, it is freely transferable and provides the holder with the right to enforce; that is, the right to demand money or bring suit to recover money on the note. R.C. 1303.22(A); R.C. 1303.31. Reciprocally, the maker of the note is obligated to pay the note according to its terms. R.C. 1303.52. That such a note is unconditional is a critical aspect to ensuring transferability. See R.C. 1303.05. Thus, it becomes axiomatic that a promissory note is an independent entity, not subject to continuing modification at the mercy of the trial court.
 {¶ 8} This case stems from a settlement agreement, which is acknowledged as a binding contract between the parties. SeeSpercel v. Sterling Indus., Inc. (1972), 31 Ohio St.2d 36, 39, cert. denied (1973), 411 U.S. 917, 93 S.Ct. 1550, 36 L.Ed.2d 309. Appellee agreed to release all claims and maintain confidentiality; a promise which she fulfilled. Appellant agreed to execute a promissory note; a promise which he fulfilled. When Appellant later defaulted on the terms of the note, Appellee moved the trial court to enforce the settlement agreement, thereby modifying and enforcing the note. Appellant responded that his obligation under the settlement agreement was fully performed upon the execution of the note and that subsequent action for payment of the note must be founded on the note.Hotchkiss v. James (Dec. 17, 1945), 8th Dist. No. 20145, 1945 Ohio App. LEXIS 675, at *1. We find this argument and authority persuasive. See, also, Edwards v. Petrone (1990),160 Wis.2d 255, 258.
 {¶ 9} That is, "at the moment the note was delivered to the plaintiff the obligation of the defendant under the contract was fully performed." Hotchkiss, supra at *8. Thus, while the trial court did retain proper authority to enforce the terms of the settlement agreement, Spercel, 31 Ohio St.2d at 39, the settlement agreement in this case had not been breached, as might have been the situation if, for example, Appellant had failed to deliver the note, had delivered an incorrect note, or had identified some fraud, duress or other circumstance that would invalidate the note. Here, the note was an independent instrument. By delivery of the note and release of the claims, both parties were in full compliance with the settlement agreement. Without a breach, action on the note was beyond the reach of the trial court in this case.
 {¶ 10} A civil action is commenced by filing a complaint with the appropriate court which sets forth a particular claim for relief. Civ.R. 3 and Civ.R. 8. Following a responsive pleading, a party may amend its pleading and add a claim upon leave of the court, proper service, and adequate opportunity for response. Civ.R. 5 and Civ. R. 15(A). In the present case, Appellee filed no separate claim to enforce the note, nor any amendment to the original tort claim that prompted the litigation and resulting settlement. Rather, Appellee asked the trial court to render judgment on an instrument that was outside the scope of the case before it. Therefore, the court was without authority to enforce this note, and its purported retained jurisdiction over the settlement agreement was insufficient.
 {¶ 11} Based on the arguments before us, we must clarify one final point in resolving this case. In her brief to this Court, Appellee has argued that Appellant waived his right to appeal these errors by his failure to "object to the error on the record at trial" and offered two cases from this Court as authority for her argument. See Reitz v. Howlett (1995), 106 Ohio App.3d 409,413; Gonzalez v. Henceroth Ent., Inc. (1999),135 Ohio App.3d 646,649. We begin by recognizing that both of the cited cases speak specifically to a party's failure to object to juryinstructions at trial, which upon proper objection would afford the trial court an opportunity to remedy the perceived error and avoid the need for appeal. Therefore, this authority is unpersuasive in the present case, in which Appellant challenges the trial court's authority to effectuate an order, as expressed in a judgment entry. Furthermore, there was no "trial" in this case whereupon Appellant may have objected "on the record." Therefore, Appellee's waiver claim is unsupported as a matter of law and illogical as a matter of fact. Appellant's first claim is properly before this Court for resolution. See R.C. 2501.02.
 {¶ 12} Based on the legal concept that the promissory note is a distinct promise and our finding that the settlement agreement had not been breached, we are forced to conclude that the trial court was without authority to render a decision on this note. Thus, the order was without legal effect.
 {¶ 13} Appellant's first assignment of error is sustained.
 Assignment of Error Number Two
"The trial court erred in resolving a factual dispute without first holding an evidentiary hearing."
 {¶ 14} Appellant challenges the actions taken by the trial court in adjudicating the facts and enforcing the provisions of the promissory note. In light of our disposition of Appellant's first assignment of error, we decline to address his second assignment of error. See App.R. 12(A)(1)(c).
 III {¶ 15} Appellant's first assignment of error is sustained. We decline to address his second assignment of error. The judgment of the trial court is reversed and cause remanded for an order consistent with this opinion.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Exceptions.
Carr, P.J., Batchelder, J., Concur.