# COURT OF APPEALS
## DECISION
## DATED AND FILED

## June 17, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP2480**

Cir. Ct. No. **2021CV311**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT II

MID CITY CORPORATION,

PLAINTIFF-RESPONDENT,

V.

DANAH ZOULEK, SCENIC PIT LLC AND ZOULEK FAMILY LLC,

DEFENDANTS-APPELLANTS.

APPEAL from an order of the circuit court for Washington County: RYAN J. HETZEL, Judge. *Affirmed and cause remanded for further proceedings.*

Before Gundrum, Grogan, and Gill, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Danah Zoulek appeals from an order for post-trial award of attorney's fees in favor of Thomas Zoulek and Mid City Corporation in

regard to Mid City's lawsuit for monetary judgment on an amended lease. The circuit court concluded that the attorney fee provision from the lease was not unconscionable as the amended lease was an "eyes-open contract" negotiated over several months, and the flat-fee billing arrangement award was reasonable under SCR 20:1.5(a)'s reasonableness factors. In her appeal, Danah challenges the judgment and award, arguing (1) the attorney fee provision was unconscionable, and (2) the amount awarded was unreasonable. Danah therefore requests a reversal or decrease of the attorney fee award, and both parties request allowable costs pursuant to litigating this appeal. We affirm and remand for further proceedings consistent with this opinion.

## I. BACKGROUND

¶2    In November 2018, Thomas and Danah Zoulek signed a Marital Settlement Agreement and a related Equipment Lease requiring Thomas and his business, Mid City, to provide Danah with a Caterpillar bulldozer for one year. At the end of the lease term, Danah could either purchase the bulldozer for $25,000 or simply return it with no further obligations. Danah was to use the dozer to operate Scenic Pit, a clean fill site she obtained in the marital settlement agreement. When the one-year lease was up, Danah failed to return the dozer or pay the $25,000 purchase price, as the dozer was inoperable and she had not made the necessary repairs.

¶3    Instead of proceeding to litigation on a breach of contract claim, the parties negotiated amended lease terms through text messages over several months. Under the amended lease, Mid City agreed to extend Danah's deadline to use and pay for the dozer by one year in exchange for additional security assuring that payment would ultimately be made. Danah agreed to monthly rental

payments of $1,000 and a 12% simple annual interest on untimely payments. An additional clause provided that Mid City could recover attorney fees arising from any future litigation related to breach of the amended agreement.

¶4    Danah ultimately failed to make payments under either the original or amended lease agreements. Mid City then brought suit seeking monetary judgment on the amended lease. The circuit court acknowledged the disparity in business experience between Thomas, an experienced businessman, and Danah, who suffered from PTSD and had limited business acumen. Although Danah characterized the amended lease as a "take it or leave it" proposal, the court found the agreement to be an "eyes-open contract" negotiated over several months. The court also credited Thomas Zoulek's testimony, which refuted any claims of duress or threats and clarified months of negotiation between the two parties.

¶5    Based on the circuit court's finding of the relevant facts, it concluded that Danah had a meaningful choice because she could have repaired and returned the dozer, but instead opted to keep the dozer and extend the payment terms. Thereafter, the court entered judgment in favor of Mid City in the amount of $54,775.95 plus costs and post-judgment interest.

¶6    Pursuant to the amended lease agreement, Mid City then requested recovery of its attorney fees, which were to be determined at a later date. The circuit court awarded Mid City attorney fees totaling $14,350 plus $517.59 in costs. Among the factors explicitly considered, the court noted the common billing rate of civil lawyers in the area, as well as the total percentage of attorney fees in comparison to the judgment, and found both numbers to be below the average rate for the area. In its decision and order, the court concluded that the amended lease was not unconscionable and that the requested fees were

reasonable under the relevant SCR 20:1.5(a) factors. Danah now appeals, challenging the attorney fee provision as unconscionable and the amount awarded as unreasonable.

## II. STANDARD OF REVIEW

¶7 The weighing and balancing of the evidence, the credibility of the witnesses, and the findings of fact are left to the circuit court unless the appellant can demonstrate that the court clearly erred. *State v. Carter*, 2010 WI 40, ¶19, 324 Wis. 2d 640, 782 N.W.2d 695. However, whether the facts found by a circuit court render a contractual provision unconscionable is a question of law this court reviews de novo. *See Wisconsin Auto Title Loans, Inc. v. Jones*, 2006 WI 53, ¶25, 290 Wis. 2d 514, 714 N.W.2d 155.

¶8 We review the amount of attorney fees awarded under the erroneous exercise of discretion standard. *Standard Theatres, Inc. v. State*, 118 Wis. 2d 730, 747, 349 N.W.2d 661 (1984). Reviewing courts give substantial deference to the circuit court because it is familiar with local billing norms and will likely have witnessed firsthand the quality of the service rendered by counsel. *Id*. A reviewing court therefore examines whether the circuit court employed a logical rationale based on the appropriate legal principles and facts of record. *Hughes v. Chrysler Motors Corp.*, 197 Wis. 2d 973, 988, 542 N.W.2d 148 (1996).

## III. DISCUSSION

*A. Unconscionability of Attorney Fee Clause*

¶9 We first consider whether the circuit court erred when it held that the amended lease agreement with an added attorney fee provision was not unconscionable in light of its factual findings. This court concludes that the

4

attorney fee provision is neither procedurally nor substantively unconscionable, and therefore will not be set aside.

¶10 Unconscionability has generally been recognized where there is an absence of meaningful choice on the part of one party, together with contract terms that are unreasonably favorable to the other party. *Discount Fabric House of Racine, Inc. v. Wisconsin Tel. Co.*, 117 Wis. 2d 587, 601, 345 N.W.2d 417 (1984). A court must consider both procedural and substantive factors. *Id.* at 602. Procedural unconscionability requires consideration of the factors bearing on a meeting of the minds, while substantive unconscionability "pertains to the reasonableness of the contract terms themselves." *Id.*; *Leasefirst v. Hartford Rexall Drugs, Inc.*, 168 Wis. 2d 83, 89–90, 483 N.W.2d 585 (Ct. App. 1992). A court will weigh and balance both procedural and substantive unconscionability together to determine whether unconscionability exists. *Discount Fabric House*, 117 Wis. 2d at 602.

¶11 Procedural unconscionability examines factors including age, education, intelligence, business acumen and experience, relative bargaining power, who drafted the contract, whether the terms were explained to the weaker party, whether alterations were permitted, and whether alternatives existed. *Wisconsin Auto Title Loans*, 290 Wis. 2d 514, ¶34.

¶12 Here, although Danah had less business experience than Thomas and argues that the amended lease was effectively "take it or leave it," disparity in bargaining power alone is not sufficient to establish procedural unconscionability under Wisconsin law. *Id.*, ¶49 n.42. The circuit court credited testimony that the parties negotiated lease terms through text messages over several months before reaching an agreement. That finding weighs against procedural unconscionability

5

because it suggests that Danah had an opportunity to participate in shaping the amended terms rather than merely accepting a non-negotiable form contract. Moreover, the court found that Danah retained meaningful alternatives after breaching the original agreement. She could have returned the bulldozer, paid the amount owed from the original breach ($25,000), or agreed to a revised lease agreement permitting continued possession of the dozer. While those alternatives may have been financially difficult or otherwise unpleasant, Wisconsin courts generally consider the existence of alternatives relevant to whether a "meaningful choice" existed. *See id.*, ¶32; *see also **Aul v. Golden Rule Ins. Co.***, 2007 WI App 165, ¶¶25-26, 30, 304 Wis. 2d 227, 737 N.W.2d 24. Accordingly, accepting the circuit court's factual findings as true unless clearly erroneous, we conclude the amended lease was not procedurally unconscionable.

¶13 Substantive unconscionability addresses the fairness and reasonableness of the contract terms themselves, evaluated in light of general commercial background and commercial needs. ***Coady v. Cross Country Bank***, 2007 WI App 26, ¶26, 299 Wis. 2d 420, 729 N.W.2d 732. In a commercial transaction, a clause is substantively unconscionable only if it is commercially unreasonable, not merely one-sided or disadvantageous to one party. ***Kohler Co. v. Wixen***, 204 Wis. 2d 327, 340-41, 555 N.W.2d 640 (1996). Wisconsin follows the "American Rule" under which parties to litigation are generally responsible for their own attorney fees unless recovery is expressly allowed by either contract or statute. ***Piaskoski & Associates v. Ricciardi***, 2004 WI App 152, ¶¶37-38, 275 Wis. 2d 650, 686 N.W.2d 675. Nevertheless, Wisconsin courts enforce clear and unambiguous contractual attorney fee provisions. ***Hunzinger Const. Co. v. Granite Res. Corp.***, 196 Wis. 2d 327, 340, 538 N.W.2d 804 (1995) (explaining the requirement of clarity, rather than any disfavor of fee provisions, signals that such

clauses are accepted tools of commercial drafting that courts will enforce when properly expressed).

¶14     Here, Danah argues that the inclusion of the attorney fee provision rendered the amended agreement substantively unconscionable.  However, the attorney fee provision was added only after Danah breached the original loan agreement and sought continued possession of the bulldozer under revised payment terms.  This case therefore differs from a traditional consumer-adhesion contract because the challenged provisions arose out of negotiations both parties participated in.  *See Deminsky v. Arlington Plastics Mach.*, 2003 WI 15, ¶32, 259 Wis. 2d 587, 657 N.W.2d 411.  In that context, the addition of an attorney fee provision serves a commercially reasonable purpose by protecting Mid City's ability to enforce repayment obligations, while allowing Danah to continue using the equipment.  Although the attorney fee provision undoubtedly favored Mid City and imposed additional financial risk on Danah, Wisconsin courts generally do not invalidate contract provisions solely because they benefit one party more than the other.  *See*, *e.g.*, *Levin v. Perkins*, 12 Wis. 2d 398, 403, 107 N.W.2d 492 (1961). Given the circuit court's factual findings regarding negotiation and the commercial context of the amended lease, we also conclude the attorney fee provision is not substantively unconscionable.

¶15    Because the amended lease with the added attorney fee provision is neither procedurally nor substantively unconscionable, we will not set aside the attorney fee award.[1]

*B. Reasonableness of Attorney Fee Award*

¶16    We next consider whether the attorney fee award of $14,350 plus $517.59 in costs was an erroneous exercise of discretion. This court concludes that the circuit court employed a logical rationale based on the relevant SCR 20:1.5(a) factors, and thus we affirm the attorney fee award.

¶17    The Wisconsin Supreme Court has established SCR 20:1.5 to govern fees attorneys collect for their services. The factors to consider when determining the reasonableness of a fee include:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
>
> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
>
> (3) the fee customarily charged in the locality for similar legal services;
>
> (4) the amount involved and the results obtained;
>
> (5) the time limitations imposed by the client or by the circumstances;

---

[1] Danah contends the circuit court did not actually make a finding on whether the attorney fee provision itself was unconscionable. We reject her contention. Although the circuit court did not address each provision of the amended leave agreement individually, we are satisfied from our review of the Record that the circuit court's unconscionability ruling applied to the whole agreement including the attorney fee provision.

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer performing the service; and

(8) whether the fee is fixed or contingent.

SCR 20:1.5(a)(1)-(8).

¶18 Here, the circuit court considered the relevant factors under SCR 20:1.5(a) and concluded that the requested attorney fees totaling $14,350 were reasonable. When making its decision on the reasonableness of the attorney fee award, the court explicitly said it considered the relevant factors for reasonable fees cited in SCR 20:1.5(a). The court acknowledged that Mid City's counsel "charges a flat fee for certain steps of the litigation process" and the $14,350 award "covered the entire course of the litigation from filing the complaint in 2021 to conducting two partial days of trial in 2023." Moreover, the court found that "[c]ivil lawyers in the area typically charge $300 or more per hour for handling business disputes such as this[,]" while Mid City's award "would equate to a rate of $239.97 per hour." The court also noted that Mid City's attorney fees are "approximately 26% of the recovery" here, whereas "contingency fees are commonly approved in an amount of 33.33% in the area." Our supreme court has previously noted that each factor need not be examined, but the circuit court must consider "all the circumstances of the case" to determine whether the "amount is a just and reasonable figure." *Anderson v. MSI Preferred Ins. Co.*, 2005 WI 62, ¶37, 281 Wis. 2d 66, 697 N.W.2d 73. In light of these considerations, we conclude it was not an erroneous exercise of the circuit court's discretion to find that an award of $14,350 is appropriate here. For purposes of awarding attorney fees under a fee-shifting provision, the reasonableness of fees incurred under a flat-fee billing arrangement are to be determined by applying SCR 20:1.5(a)'s

reasonableness factors, just as the court did here. *See **Kolupar v. Wilde Pontiac Cadillac, Inc.**,* 2004 WI 112, ¶24, 275 Wis. 2d 1, 683 N.W.2d 58. Because the court properly applied the relevant factors to the facts at hand, the attorney fee award will not be set aside.

¶19 However, Danah raises whether the $750 fee tied to the unsuccessful summary judgment motion should be excluded from the fee award. We remand the matter to the circuit court to address this issue as it is unclear from the Record as to whether the court factored that amount into its fee award.

## IV.  CONCLUSION

¶20 To summarize, we conclude that the amended lease with an attorney fee provision was not unconscionable, and that the circuit court properly awarded reasonable attorney fees pursuant to the amended lease agreement. First, the fee-shifting provision is neither procedurally nor substantially unconscionable under Wisconsin law. Second, the court correctly considered the relevant SCR 20:1.5(a) reasonableness factors when awarding attorney fees. However, this court remands this matter to the circuit court to address the $750 flat fee tied to Mid City's summary judgment motion. Mid City lost this motion, and it is not clear to this court from the existing Record as to how, or even whether, the circuit court factored that amount into the total award. Finally, we note that on remand, the circuit court may consider a reasonable award for attorney fees Mid City incurred litigating this appeal, pursuant to the fee-shifting provision found in the amended lease agreement.

*By the Court.*—Order affirmed and cause remanded for further proceedings.

10

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4 (2023-24).